UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRANCE A. DAVIS,<br><br>Petitioner,<br>v.<br><br>WARDEN WILLIAM GITTERE, *et al.*,<br><br>Respondents. | Case No. 2:23-cv-01732-MMD-VCF<br><br>ORDER |

I.   **SUMMARY**

*Pro se* Petitioner Terrance A. Davis has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and a motion for appointment of counsel. (ECF Nos. 1-1 ("Petition"), 1-2 ("Motion").) This matter comes before the Court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the Court orders Davis to show cause why his Petition should not be dismissed as untimely and/or unexhausted.

II.   **BACKGROUND**[1]

Davis challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Terrance Davis*, C-17-322464-1. On January 17, 2019, the state court entered a judgment of conviction, under a guilty plea, for second-degree murder with the use of a deadly weapon. Davis was sentenced to life with the possibility of parole after 10 years for the second-degree murder conviction plus a

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. These docket records may be accessed at https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

consecutive term of 36 to 180 months for the deadly weapon enhancement. Davis states that he appealed this judgment of conviction (see ECF No. 1-1 at 1), but his only case before the Nevada appellate courts was in 2013 on a different criminal matter. On April 21, 2022, Davis filed a state petition for writ of habeas corpus. *Terrance Davis v. W.A. William Reubart*, A-22-851458-W. The state court denied post-conviction relief on April 13, 2023. Davis did not appeal this decision.

Davis commenced this federal habeas action on or about October 24, 2023. (ECF No. 1-1.) On October 30, 2023, this Court denied Davis's motion to proceed *in forma pauperis* ("IFP") without prejudice as incomplete and gave Davis 45 days to file a complete IFP application. (ECF No. 3.) Davis timely complied, filing a complete IFP application on November 7, 2023. (ECF No. 4.)

### III.   DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Davis's Petition appears to be plagued with two potential defects.

**A.   Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. §

2244(d)(1)(A). The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

Here, because it does not appear that Davis filed a direct appeal to the Nevada appellate courts challenging his judgment of conviction, it appears that his conviction became final on the date in which the time for seeking direct review expired: February 16, 2019. *See* Nev. R. App. P. 4(b)(1) (requiring a notice of appeal to "be filed with the district court clerk within 30 days after the entry of the judgment or order being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The federal statute of limitations thus began to run the following day: February 17, 2019. Accordingly, the limitations period expired 365 days later on February 18, 2020. Although Davis filed a state habeas petition on April 21, 2022, it was filed after the AEDPA clock had already expired. As such, Davis's state habeas petition could not have tolled an already expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, absent another basis for tolling or delayed accrual, Davis filed his Petition three years and eight months after the AEDPA limitation period expired.

Davis must show cause why the Petition should not be dismissed with prejudice as time barred. In this regard, Davis is informed that the one-year limitations period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his right diligently; and (2) some extraordinary circumstance stood

in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). Davis ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Davis further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date[2] or may be statutorily tolled. And Davis is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569

---

[2] 28 U.S.C. § 2244(d)(1) provides as follows:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### B.     Exhaustion

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based. *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

In his Petition, Davis includes three grounds for relief: (1) his guilty plea was invalid because he was incompetent to plead guilty; (2) there was insufficient evidence to sustain his conviction; and (3) his counsel was ineffective. Because it appears that Davis did not file a direct appeal and because he admits that he did not file an appeal challenging the denial of his state habeas petition, this Court is not inclined to intervene prior to giving the Nevada appellate courts an opportunity to redress any violation of Davis's constitutional rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state

prisoner's federal rights"). Davis must therefore show cause why his Petition should not be dismissed as unexhausted.

In this regard, Davis is informed that a federal district court is authorized to stay an unexhausted petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). Where a petitioner is attempting in good faith to exhaust state remedies but is unsure whether state proceedings for post-conviction relief are "properly filed" under 28 U.S.C. § 2244(d)(2), he may ask the federal court for a stay and abeyance of the federal habeas proceedings until he exhausts his state remedies. *Id.* at 278.

## IV.     CONCLUSION

It is therefore ordered that the motion for leave to proceed *in forma pauperis* (ECF No. 4) is granted.

It is further ordered that Petitioner Terrance Davis show cause within 45 days of the date of this order why this action should not be dismissed as untimely and/or unexhausted. If Davis does not timely respond to this order, the Petition will be dismissed without further advance notice. If Davis responds but fails to show with specific, detailed, and competent evidence why the Petition should not be dismissed, the action will be dismissed.

It is further ordered that all assertions of fact made by Davis in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made under a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by Davis in the federal record. Davis must attach copies of all materials

upon which he bases his argument that the Petition should not be dismissed. Unsupported assertions of fact will be disregarded.

It is further ordered that consideration of Davis's motion for appointment of counsel is deferred until after Davis responds to this order to show cause.

DATED THIS 8th Day of November 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE